E-FILED
Tuesday, 08 November, 2011  11:01:09 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| REUBEN JOHNSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 09-CV-3318 |
| | ) | |
| WARDEN STRAYER et al., | ) | |
|     Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Defendants have moved for summary judgment on Plaintiffs' claim that they failed to protect him from a substantial risk of serious harm of assault by other inmates. Plaintiff has not responded to the motion, even though he was warned that failure to do so would result in the Court accepting as true the undisputed facts set forth by Defendants. (d/e 37, Rule 56 Notice).

Defendants' undisputed facts, which are supported by specific cites to the record, demonstrate that a fight broke out between Plaintiff and three other inmates in the F-Block dayroom at the Sangamon County Jail on February 4, 2008. Plaintiff suffered injuries that required a trip to the hospital, where he received stitches and treatment for facial fractures. Plaintiff admits that he had no prior disputes with these three inmates and was not afraid of them. He agrees that the

1

fight was spontaneous, sparked by escalating words between Plaintiff and inmate Rodney Harris. There were emergency call buttons in the room, but Plaintiff was unable to reach them during the fight. However, a guard saw the fight and radioed for help immediately. Other guards responded within three minutes to break up the fight, and Plaintiff was promptly taken for medical attention.

On the facts above, no rational juror could find that Defendants were deliberately indifferent to a substantial risk of serious harm to Plaintiff. Such a risk did not even exist before the fight. Grieveson v. Anderson, 538 F.3d 763, 775 (7th Cir. 2008)(plaintiff must show that defendant was personally aware of substantial risk of serious harm). Further, guards responded immediately and Plaintiff received prompt medical care.

IT IS THEREFORE ORDERED:

1. Defendants' motion for summary judgment is granted (d/e 35). The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs.

2. If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff

plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.

ENTERED: November 8, 2011

FOR THE COURT:

                              **s/Sue E. Myerscough**
                              SUE E. MYERSCOUGH
                       UNITED STATES DISTRICT JUDGE